**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND (GREENBELT)**

| | |
|---|---|
| YVETTE PEOPLES, <br> 8606 Fulton Avenue <br> Glenarden, MD 20706 <br>     Plaintiff, <br><br> v. <br><br> GLENARDEN HOUSING AUTHORITY <br> 8639 Glenarden Parkway <br> Glenarden, MD 20706 <br> (Prince George's County) <br><br>     Defendant. | Civil Action No. _____ |

* * * * * * * * * * * * *

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Yvette Peoples, alleges the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b).

**PARTIES**

3. Defendant Glenarden Housing Authority (GHA) is a public body, corporate, politic, exercising public and essential government functions, organized and created by Maryland Code, GHA is a public housing authority (PHA) authorized to operate and administer a federally-subsidized low-rent housing program (hereafter "public housing"), within the meaning of 42 U.S.C. § 1437 et seq.  GHA is located at 8639 Glenarden Parkway, Glenarden, MD 20706 and provides low-income housing to eligible, qualifying low-income individuals and families.

4. Plaintiff Yvette Peoples is a tenant of GHA and resides at 8606 Fulton Avenue, Glenarden, MD 20706.

## FACTS

5. On March 9, 2015, Defendant sent Ms. Peoples a Lease Termination notice alleging that Ms. Peoples had failed to comply with the community service requirement in her lease and misrepresented her income.

6. Ms. Peoples timely requested a grievance hearing on the notice.

7. A hearing was held on March 24, 2015.

8. On April 6, 2015, the Hearing Officer issued a written decision overturning the termination because Ms. Peoples admitted her wrongdoing and proposed a plan for cure.

9. On April 21, 2015, Defendant sent Ms. Peoples a letter stating: "The Glenarden Housing Authority Board of Commissioners has ruled and voted to overturn the decision of the hearing officer on April 16, 2015, based on GHA's Admission and Continued Occupancy Policy (ACOP)."

## CLAIM FOR RELIEF

## DENIAL OF DUE PROCESS

### (42 U.S.C. § 1983; U.S. Const. amend. XIV, § 1)

10. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

11. Federally-subsidized housing assistance is the constitutionally protected property interest of the recipient, and it cannot be terminated without due process of law under the Fourteenth Amendment of the United States Constitution. *Caulder v. Durham Housing Aut., 433 F.2d 998 (4th Cir. 1970)*

**12.** HUD regulations require that a tenant be provided a grievance hearing before being evicted unless the grounds for eviction are drug activity, criminal activity that threatens health, safety, or peaceful enjoyment of others on the premises, or a felony conviction.  24 CFR § 966.51(a)(2)(i).  When the PHA is required to provide a hearing, "the tenancy shall not terminate (even if any notice to vacate under State or local law has expired) until the time for the tenant to request a grievance hearing has expired, and (if a hearing was timely requested by the tenant) the grievance process has been completed."  24 CFR § 966.4(l)(3)(iv)

**13.** The decision of a hearing officer is binding on a public housing authority (PHA) unless "(1)The grievance does not concern PHA action or failure to act in accordance with or involving the complainant's lease on PHA regulations, which adversely affect the complainants' rights, duties, welfare or status; [or] (2) The decision of the hearing officer or hearing panel is contrary to applicable Federal, State or local law, HUD regulations or requirements of the annual contributions contract between HUD and the PHA."   24 CFR § 966.57(b)

**14.** This was a hearing about a notice of termination, which is a PHA action that involved Ms. Peoples's lease.

**15.** Defendant has not cited a single statute, regulation, or provision of its contract with HUD that the hearing examiner's decision violated.  Defendant has only cited its own operating documents (its ACOP).  The exception to the binding nature of hearing examiners' decisions does not include ACOPs.

**16.** Further, the provision of GHA's ACOP that the hearing examiner's decision allegedly violated is permissive not mandatory.

**17.** Terminating Ms. People's housing assistance despite the hearing examiner's decision to the contrary will deprive Ms. Peoples of due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**18.** Defendants' failure to comply with their statutory and regulatory obligations will result in the improper termination of Ms. Peoples's housing assistance, causing her to suffer the emotional distress of struggling to meet her monthly housing expenses and the threat of homelessness for her family.

**19.** Ms. Peoples has no adequate remedy at law for this violation of her family's constitutional rights.

**20.** Ms. Peoples is therefore entitled to declaratory and injunctive relief, as well as legal fees and all other appropriate relief, to prevent the violation of her family's right to due process under the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory Judgment that GHA's conduct has violated Plaintiff's constitutional right to due process under Article 14 of the United States Constitution.

B. Require GHA to institute meaningful training for its employees on due process.

C. Enjoin and restrain Defendant from acting to reduce or terminate Plaintiff's rent or utility subsidy without due process, in violation of the Housing Act and HUD's implementing regulations;

D. Enjoin and Restrain Defendant from acting to terminate Plaintiff's lease without due process, in violation of the Housing Act of 1937 and HUD's implementing regulations;

E. Award Plaintiff reasonable attorney's fees, costs and expenses; and

F. Grant such other and further relief as the Court deems just and proper, or which is otherwise available at law, equity, or under any applicable law or regulation.

Respectfully Submitted,

**Maryland Legal Aid Bureau**

　　　　/s/　　　　　.
Lori R. Leibowitz, Esq.
MARYLAND LEGAL AID BUREAU
6811 Kenilworth Ave., Suite 500
Riverdale, MD 20737
Phone: (301) 560-2168
Fax: (301) 927-4258
E-mail: lleibowitz@mdlab.org
Bar No: 18435